IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CION PERALTA,

        Plaintiff,                No. CIV S-08-530 MCE KJM P

   vs.

M. MARTEL, et al.,

        Defendants.      <u>ORDER</u>

                      /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) . In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  The complaint form itself contains a conclusory list of actions the defendants allegedly took, but provides no factual basis for the claims at all.  The exhibits do suggest the factual basis of plaintiff's claims, but do not clearly specify the acts or omissions undertaken by the named defendants.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly; this complaint does not.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

       Notwithstanding the above, it appears that plaintiff may be trying to make the following claims.  First, he appears to allege that a certain group of inmates were assigned to a

new privilege group and, as a result, have been denied opportunity for jobs, education, and social interaction. Complaint (Compl.), Ex. A. It also appears that the new policy has reduced the number of showers provided to the inmates.

Plaintiff does not have a constitutionally protected liberty interest in a job or in educational programs while in a California prison. Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (job); Hernandez v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987). In addition, a restriction on the number of showers may not rise to the level of a constitutional violation. See Shapley v. Wolff, 568 F.2d 1310, 1311 (9th Cir. 1978) (denial of showers not a constitutional violation when inmates could wash in cells); Toussaint v. McCarthy, 597 F.Supp. 1388, 1411 (N.D. Cal. 1984) (approving plan for showers three times a week). Plaintiff may be attempting to plead an equal protection violation, but it is difficult to tell. He will be given an opportunity to amend his complaint.

Plaintiff also seeks to have a rules violation removed from his central file. The exhibits to the complaint show that plaintiff was assessed thirty days of credit for refusing to comply with an order to leave the day room. Compl., Ex. B. In Heck v. Humphrey, the Supreme Court ruled a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed. 512 U.S. 477, 486-87 (1994). In Edwards v. Balisok, the Court ruled Heck applied to actions "challenging the validity of the procedures used to deprive an inmate of good-time credits. . . . " 520 U.S. 641, 643 (1997). Plaintiff has not shown the disciplinary decision has been reversed or the credits restored.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

4

1  longer serves any function in the case. Therefore, in an amended complaint, as in an original
2  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3         In accordance with the above, IT IS HEREBY ORDERED that:
4         1. Plaintiff's request for leave to proceed in forma pauperis is granted.
5         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
6  The fee shall be collected and paid in accordance with this court's order to the Director of the
7  California Department of Corrections and Rehabilitation filed concurrently herewith.
8         3. Plaintiff's complaint is dismissed.
9         4. Plaintiff is granted thirty days from the date of service of this order to file an
10 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
11 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
12 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
13 an original and two copies of the amended complaint; failure to file an amended complaint in
14 accordance with this order will result in a recommendation that this action be dismissed.
15 DATED: May 22, 2008.

_____
U.S. MAGISTRATE JUDGE

2
pera0530.14