IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CION ADONIS PERALTA,

      Plaintiff,                       Civ. No. S-08-530 MCE KJM P

   vs.

M. MARTEL, et al.,

      Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 23, 2008, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

As previously noted, a claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007). A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id</u>. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" <u>Erickson v. Pardus</u>, __ U.S. __, 127 S.Ct. 2197 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, <u>id</u>., and construe the pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Plaintiff alleges that although he is willing to work, there are no jobs available and, as a result, he has not been placed in a privilege group comparable to those inmates who have jobs. He alleges that this violates his right to equal protection. He names as defendants L. Olivas, R. Williams, and D. Long who "all signed an inmate appeal (602) refusing to give [plaintiff] the privileges guaranteed by law." Am. Compl. at 3B. Plaintiff does not allege, however, that these three defendants have participated in any deprivation of his rights apart from their review of his grievance or that they have the authority to change his privilege-group assignment.

1    A plaintiff must connect the named defendants clearly with the claimed denial of
2 his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate
3 indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v.
4 List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a
5 showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat
6 superior liability under section 1983"); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978)
7 (discussing "requisite causal connection" in section 1983 cases between named defendant and
8 claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525
9 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an
10 individual was personally involved in the deprivation of his civil rights.").  Plaintiff must allege
11 with at least some degree of particularity overt acts which defendants engaged in that support
12 plaintiff's claim. Id.

13    Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
14 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant leave to file a
15 second amended complaint.

16    If plaintiff chooses to file a second amended complaint, plaintiff must
17 demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
18 constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second
19 amended complaint must allege in specific terms how each named defendant is involved.  There
20 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
21 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
22 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
23 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
24 civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
25 1982).
26 /////

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
2 order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that
3 an amended complaint be complete in itself without reference to any prior pleading.  This is
4 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
5 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
6 original pleading no longer serves any function in the case.  Therefore, in a second amended
7 complaint, as in an original complaint, each claim and the involvement of each defendant must
8 be sufficiently alleged.
9    In accordance with the above, IT IS HEREBY ORDERED that:
10     1. Plaintiff's amended complaint is dismissed;
11     2. Plaintiff is granted thirty days from the date of this order to file a second
12 amended complaint.  Plaintiff's second amended complaint shall comply with the requirements
13 of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice;
14 the amended complaint must bear the docket number assigned this case and must be labeled
15 "Second Amended Complaint"; failure to file a second amended complaint in accordance with
16 this order will result in a recommendation that this action be dismissed; and
17     3. The Clerk of the Court is directed to send plaintiff the form for a civil rights
18 action by a prisoner.
19 DATED:  July 7, 2008.

_____
U.S. MAGISTRATE JUDGE

2
pera0530.14am

4