IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CION PERALTA, #P-33314,      )   CIV. NO. 2:08-00530 HWG
                             )
            Plaintiff,       )
                             )
    vs.                      )
                             )
M. MARTEL, D. LONG, L.       )
OLIVAS, and R. WILLIAMS,     )
                             )
            Defendants.      )
_____)
```

**ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART
AND DIRECTING SERVICE**

On March 10, 2008, Plaintiff Cion Peralta filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1] The Court dismissed Plaintiff's Original and First Amended Complaints with leave to amend, for failure to state a claim. (Docs. 9 and 10.) Before the Court is Plaintiff's Second Amended Complaint ("SAC"). (Doc. 11.) Plaintiff alleges deprivations of his rights to "procedural" due process, equal protection, and freedom of religion as guaranteed by the United States Constitution.

For the following reasons, the SAC is DISMISSED IN PART for

---

[1]Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), incarcerated at the Mule Creek State Prison. He is proceeding *pro se* and *in forma pauperis*.

1

Plaintiff's failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's due process and equal protection claims are DISMISSED with prejudice. Plaintiff's freedom of religion claim shall proceed; service of the SAC is directed against all Defendants, as to this claim only.

## I. BACKGROUND

The California State administrative code requires all "able-bodied" prisoners to work or obtain an education. 15 California Code of Regulations ("CCR") § 3040(a). The CDCR classifies all prisoners by work group, designated A-1, A-2, B-1, B-2. 15 CCR § 3044. Prisoners in work group A-1 are eligible for full-time work and training assignments. Prisoners in work group A-2 are deemed "willing but unable to perform" a full-time assignment, and either are put on a waiting list for a full-time assignment or are waiting for an adverse transfer to a different institution. 15 CCR § 3044(b)(2) and (3). The CDCR also classifies prisoners by "privilege" group, designated A-D and U. 15 CCR § 3044 (c) and (e). Privileges are earned, and "shall be governed by an inmate's behavior, custody classification and assignment." Id. Plaintiff is assigned to the Work Group/Privilege Group status of A-2/B at Mule Creek State Prison.

Plaintiff does not currently have a prison job, but has never refused work. Plaintiff is on three waiting lists for

2

employment positions at the prison, and will be placed in the first available position when his name appears at the top of one of the waiting lists. (10/18/2007 Second Level Appeal Response, SAC, Exh. A at 19., Doc. 11.)

Plaintiff asserts that as an A-2/B status prisoner, he has the right to access yard, recreation, and entertainment activities during non-working hours, pursuant to 15 CCR § 3044(e)(3)(E). (SAC at 7-8., Doc. 11) Plaintiff alleges that Defendants deprived him of his rights to education, recreation, rehabilitation, and to attend church. (Id., at 7-8; Pl. Dec, Doc. 11-2 at 2. ) Plaintiff argues that Defendants withheld these opportunities in part because he is an inmate without a prison job.

## II. **STATUTORY SCREENING OF THE COMPLAINT**

A federal district court is required to screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A claim is legally frivolous when it lacks an arguable

basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

During screening, the court must accept as true the allegations of the complaint, <u>Hosp. Bldg. Co. v. Rex Hosp. Tr.</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Bernhardt v. L.A. County</u>, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt). The court is not required to accept as true conclusory allegations,

unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*); Lucas v. Department of Corr., 66 F.3d 245, 248 (9th Cir. 1995). A district court should not, however, advise the litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13.

### III. ANALYSIS

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); West v. Atkins, 487 U.S. 42, 48 (1988). Mere allegations that a right secured by a state law has been violated do not satisfy the first element of a claim under § 1983. See Lovell v. Poway Unified School District, 90 F.3d 367, 370-71 (9th Cir. 1996).

**A.   Plaintiff's Due Process Claim is Dismissed With Prejudice**

Plaintiff's access to educational, rehabilitational, and recreational programs is currently in accordance with his A-2/B classification. Plaintiff argues, however, that his right to procedural due process was violated when he was denied the same access to yard, recreation, and entertainment, rehabilitative, and educational programs as A-1 level inmates. (SAC, Doc. 11 at 7-8.)

The Due Process Clause of the Fourteenth Amendment prohibits any state deprivation of life, liberty, or property without due process of law. Ingraham v. Wright, 430 U.S. 651, 672 (1977). There is a two-step analysis to determine whether a due process violation has occurred. First, the court considers whether the plaintiff possesses a constitutionally protected liberty or property interest with which the state has interfered. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Only if such an interest is implicated must the court reach the second step: whether this interference was accomplished by sufficient procedural safeguards. Id. at 224.

A liberty interest may arise from the Constitution or from state law. See Wilkinson, 545 U.S. at 221; Sandin v. Conner, 515 U.S. 472, 483-84 (1995). The Due Process Clause does not create a liberty interest in an inmate's classification status or eligibility for rehabilitative or educational programs. See

6

Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007), cert. denied, 128 S.Ct. 396 (2007); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). Nor does Plaintiff have constitutionally protected liberty (or property) interest in a job or in educational programs. Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (job); Hernandez v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987). Plaintiff has no liberty or property interest to rehabilitation, education, or a prison job arising from the United States Constitution.

State prison regulations create a liberty or property interest only when the deprivation in question (1) restrains the inmate's freedom in a manner not expected from their sentence and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003); Neal v. Shimoda, 905 F. Supp. 813, 817-818 (D. Haw. 1995), rev'd on other grounds, 131 F.3d 818 (9th Cir. 1997) (holding state prison regulations may give rise to liberty interests protected by the Fourteenth Amendment); see also Carver v. Lehman, No. 06-35176 (9th Cir. March 3, 2009) (explaining that Sandin's decision is limited to the question of when due process interests are created by internal prison

regulations).[2]

Sandin requires courts to engage in a "factual comparison between conditions in [the] general [prison] population" and the hardship caused by the challenged condition. Jackson, 353 F.3d at 755; see Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) ("Rather than invoking a single standard for determining whether a prison hardship is atypical and significant, we rely on a 'condition or combination of conditions or factors [that] requires case by case, fact by fact consideration'") (quoting Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)).  Three guideposts frame the fact-specific, state-created liberty interest inquiry: (1) whether the challenged condition "mirrored those conditions imposed upon inmates in administrative segregation and protective custody[,]" thus comporting with a prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will inevitably affect the duration of the prisoner's sentence. Sandin, 515 U.S. at 486-87.

---

[2]Carver clarifies that Sandin's "atypical and significant hardship" standard is applied when deciding due process interests created by *internal prison regulations*, as here. Carver, No. 06-35176 at 2498-99 n.5.  The Ninth Circuit Court concluded that the "mandatory language" rule set forth in Greenholtz and Allen, remains applicable in the analysis of whether a state statutory scheme creates a liberty interest. See Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1 (1979); Board of Pardons v. Allen, 482 U.S. 369 (1987).

Plaintiff argues that his due process rights in more lenient yard access, recreation, and entertainment activities are established pursuant to 15 CCR § 3044(e)(3)(E).[3] The Ninth Circuit Court has found that this regulation creates no state-created liberty or property interest. See Toussaint v. McCarthy, 801 F.2d 1080, 1094-1095 (9th Cir. 1986). Plaintiff does not allege that these putative rights derive from any other California state statute or law. Nor can he. Plaintiff's underlying complaint is that he has not been assigned to a prison job, despite being willing to accept assignment, and wants his work program/privilege program status changed. (See SAC, Doc. 11, Exh. A at 13.) As discussed above, Plaintiff has no constitutional right to a job in prison. More importantly, the California Constitution expressly denies such a right. See Cal. Const. art. XIV § 5(c) ("Nothing in this section shall be interpreted as creating a right of inmates to work.").

Applying the Sandin factors to Plaintiff's claims, it is clear that: (1) Plaintiff remains in the general population,

---

[3]The work program/privilege program status levels of A-1/A, A-2/B, and so forth are designations that describe levels of yard and recreational access, amongst other privileges. The actual levels of yard and recreational access allowed for a particular prisoner are subject to limitation "by institution/facility security needs." 15 CCR § 3044(e)(3)(E). The availability of yard access and recreational programs are part of the conditions of Plaintiff's confinement subject to change by the CDCR for safety reasons.

thus his confinement is appreciably *more* lenient than inmates in administrative or disciplinary segregation; (2) Plaintiff's A-2/B status does not extend the date of his incarceration; and (3) the alleged denial of rehabilitation, training, education, or employment is not an appreciable restraint as compared to the ordinary incidents of prison life. Sandin, 515 U.S. at 483-84.

Plaintiff fails to state a claim for violation of his procedural due process rights. Plaintiff has been given leave to amend this claim twice, and has failed to cure this deficiency, and it is futile to allow further amendment. Plaintiff's due process claims are therefore DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A.

**B.   Plaintiff's Equal Protection Claim is Dismissed With Prejudice**

Plaintiff argues that Defendants violated the Equal Protection Clause of the Fourteenth Amendment by depriving him of educational tutoring, recreational opportunities, and rehabilitation programs because he is a non-working A-2/B classified inmate. To state a claim under the Equal Protection Clause, a plaintiff must allege that a defendant acted with an intent or purpose to discriminate against the plaintiff based upon his membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). A plaintiff alleging denial of equal protection under § 1983 must plead

10

intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998). In the absence of a fundamental right or suspect class, the Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). In other words, an inmate alleging an equal protection violation who is not a member of a suspect class, must allege that he is treated differently than other prisoners in his circumstances (i.e., similarly situated inmates.) Prisoners are not a suspect class under the Equal Protection Clause. McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir. 1991); Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1988) (same).

Plaintiff, despite being given leave to amend his Complaint twice, fails to allege facts showing that he is a member of a protected class, *and* that he is being discriminated against on that basis. Further, Plaintiff, a non-working A-2/B inmate, is clearly not similarly situated to those inmates who are employed. As such, Plaintiff fails to present a basis for an Equal Protection claim, and those claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(ii).

**C. Plaintiff's First Amendment Claim Shall Proceed**

Plaintiff attaches a Declaration to the SAC, in which he states that Defendants denied him the right to attend church because he does not have a job and is not on the "special list" for religious services. (Decl., Doc. 11-2 at 2.) Although this claim is somewhat truncated and conclusory, and is not included in the body of the SAC, it is sufficient to state a claim against Defendants Martel, Long, Olivas, and Williams, and shall proceed.

## IV. CONCLUSION

1. Plaintiff's due process and equal protection claims are DISMISSED WITH PREJUDICE;

2. Plaintiff's freedom of religion claim under the First Amendment of the United States Constitution states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). This action shall proceed on Plaintiff's First Amendment claim in his Second Amended Complaint, filed on July 18, 2008, against Defendants M. Martel, D. Long, L. Olivas, and R. Williams.

3. Service is appropriate and the Court will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until Plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in

dismissal of the action.  <u>See</u> Local Rule 11-110.

Accordingly,

    A.   The Court authorizes service on the following Defendants:  M. Martel, D. Long, L. Olivas, and R. Williams;

    B.   The Clerk of the Court shall send Plaintiff one USM-285 form for each Defendant identified above, one summons, an instruction sheet, and a copy of the Second Amended Complaint;

    C.   Within 30 days of the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

        i.   The completed Notice of Submission of Documents;

        ii.  One completed summons;

        iii.   Four completed USM-285 form(s); and

        iv.  Five copies of the endorsed Second Amended Complaint;

4.   At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has

been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

     DATED: Honolulu, Hawaii, March 13, 2009.



                                  _/s/ Helen Gillmor_____
                                  Chief United States District Judge

PERALTA v. MARTEL, *et al.*, Civ. No. 2:08-00530 HWG, ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT IN PART AND DIRECTING SERVICE