IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CION PERALTA, #P-33314,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>M. MARTEL, D. LONG, L.<br>OLIVAS, and R. WILLIAMS,<br><br>　　　　　Defendants. | CIV. NO. 2:08-00530 HWG |

### ORDER DENYING MOTION FOR RECONSIDERATION

On March 10, 2008, Plaintiff Cion Peralta filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1] The Court dismissed Plaintiff's Original and First Amended Complaints with leave to amend, for failure to state a claim. (Docs. 9 and 10.)

On July 18, 2008, Plaintiff filed a Second Amended Complaint ("SAC"). (Doc. 11.) On March 13, 2009, the Court dismissed with prejudice Plaintiff's due process and equal protection claims set out in the SAC. (Doc. 14.) The Court ordered the action to proceed on Plaintiff's freedom of religion claim under the First Amendment of the United States Constitution. (Id.)

Plaintiff now moves for reconsideration. Plaintiff fails to

---

[1] Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), incarcerated at the Mule Creek State Prison. He is proceeding *pro se* and *in forma pauperis*.

1

proffer new evidence in support of his motion, or assert an intervening change in controlling law.  Plaintiff's Motion for Reconsideration is DENIED.

**STANDARD OF REVIEW**

A motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate some reason why the court should reconsider its prior decision.  Second, the motion must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Na Mamo O ʻAhaʻino v. Galiher, 60 F.Supp.2d 1058, 1059 (D. Haw. 1999) (citation omitted).

Courts have established only three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  See Mustafa v. Clark County School District, 157 F.3d 1169, 1178-79 (9th Cir. 1998); Great Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

## ANALYSIS

A full reading of Plaintiff's Motion for Reconsideration makes clear that he does not claim there to be an intervening change in controlling law, or the discovery of new material evidence not previously available. Rather, Plaintiff argues that the Court erred as a matter of law in dismissing the due process and equal protection claims against Defendants but presents no legal authority or argument to support his position. Plaintiff has failed to show that the Court has committed a manifest error of law or fact. The Motion for Reconsideration is DENIED.

//
//
//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

For the foregoing reasons, Plaintiff Cion Peralta's Motion for Reconsideration, (Doc. 15), is DENIED.

The Clerk of the Court shall send Plaintiff a copy of the Second Amended Complaint, (Doc. 11), if the Clerk has not already done so.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 15, 2009.



/S/ Helen Gillmor
--------
Helen Gillmor
Chief United States District Judge

PERALTA v. MARTEL, *et al.*, Civ. No. 2:08-00530 HWG, ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION