IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CION PERALTA, #P-33314, | ) | Civ. No. 2:08-00530 HWG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| M. MARTEL; D. LONG; L. OLIVAS; | ) | |
| and R. WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 25)

Plaintiff Cion Peralta filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff, who proceeds *pro se* and *in forma pauperis*, is incarcerated at Mule Creek State Prison in Ione, California.  He alleges in his Second Amended Complaint that while incarcerated, Defendant prison officials prevented him from attending religious services, in violation of the First Amendment to the United States Constitution.

Defendants move to dismiss Plaintiff's Second Amended Complaint for failure to exhaust administrative remedies and for violating the "three strikes" rule of 28 U.S.C. § 1915(g). The motion is **GRANTED**.

### PROCEDURAL HISTORY

On March 10, 2008, Plaintiff filed a Complaint, (Doc. 1), and an Application To Proceed *In Forma Pauperis* By A Prisoner,

1

(Doc. 2).

On May 23, 2008, the Court filed an order granting Plaintiff's Application To Proceed *In Forma Pauperis* and dismissing Plaintiff's Complaint, with leave to amend.  (Doc. 7.) On the same day, the Court filed an order directing the California Department of Corrections and Rehabilitation to collect monthly payments from Plaintiff's prison trust account to pay the $350 statutory filing fee.  (Doc. 8.)

On June 3, 2008, Plaintiff filed a First Amended Complaint. (Doc. 9.)

On July 8, 2008, the Court filed an order dismissing Plaintiff's First Amended Complaint, with leave to amend. (Doc. 10.)

On July 18, 2008, Plaintiff filed a Second Amended Complaint.  (Doc. 11.)

On March 16, 2009, the Court filed an order dismissing Plaintiff's Second Amended Complaint in part and directing service on Defendants.  (Doc. 14.)

On March 3, 2010, Defendants filed a Motion To Dismiss. (Doc. 25.)

On April 2, 2010, Plaintiff filed an Opposition.  (Doc. 27.)

On April 15, 2010, Defendants filed a Reply.  (Doc. 28.)

Pursuant to Local Rule 78-230(h), the Court elected to decide Defendants' Motion To Dismiss on the pleadings.

2

(Doc. 26.)

## STANDARD OF REVIEW

An allegation fails to state a claim upon which relief may be granted if it is clear that plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).

The court must accept the complaint's allegations as true, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), construe pleadings in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Bernhardt v. L.A. County, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford *pro se* litigants the benefit of any doubt). The court, however, is not required to accept as true any conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

If a pleading can be cured by the allegation of additional facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). A district court should not, however, advise the litigant on how to cure the defects.

Such advice "would undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004).

**ANALYSIS**

Plaintiff Cion Peralta, who proceeds *pro se* and *in forma pauperis*, is incarcerated at Mule Creek State Prison in Ione, California.  He alleges in his Second Amended Complaint that while incarcerated, Defendant prison officials M. Martel, D. Long, L. Olivas, and R. Williams prevented him from attending religious services, in violation of the First Amendment to the United States Constitution.  Defendants move to dismiss Plaintiff Cion Peralta's Second Amended Complaint for failure to exhaust administrative remedies and for violating the "three strikes" rule under 28 U.S.C. § 1915(g).

**I.   PLAINTIFF DID NOT EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING HIS COMPLAINT.**

Defendants assert that Plaintiff failed to exhaust administrative remedies through the prison's internal grievance procedures.  Plaintiff, in his Opposition to Defendants' Motion To Dismiss, did not address the issue of administrative exhaustion.

Congress, through the Prison Litigation Reform Act ("PLRA"), requires inmates to exhaust administrative remedies before pursuing a civil rights claim pursuant to 42 U.S.C. § 1983.  The PLRA states:

No action shall be brought with respect to prison

4

> conditions under section 1983 of this title, or any
> other Federal law, by a prisoner confined in any jail,
> prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  California has established an

administrative procedure, through which inmates seek review of

"any departmental decision, action, condition, or policy which

they can demonstrate as having an adverse effect upon their

welfare."  Cal. Code Regs. tit. 15, § 3084.1.  Under the

administrative procedure, an inmate must first "attempt to

resolve the grievance informally with the involved staff[.]"  Id.

at § 3084.2(b).  If the grievance is not resolved at the informal

level, the inmate may pursue an appeal at the "first formal

level."  Id. at § 3084.5(b).  The inmate's appeal must "describe

the problem and action requested."  Id. at § 3084.2(1).  The

prison appeals coordinator can bypass the "first formal level"

if the inmate challenges a policy, procedure, or regulation

implemented by the institution head or by the department.  Id. at

§§ 3084.5(b)(1)-(2).  If the inmate's request at the "first

formal level" is bypassed or denied, the inmate may appeal to the

"second formal level," and then to the "third formal level."  Id.

at §§ 3084.5(c)-(d).

    The Ninth Circuit Court of Appeals, in Morton v. Hall,

interpreted the PLRA's exhaustion provision as requiring inmates

to provide a minimum level of detail to put prison officials on

notice of the inmate's claims.  599 F.3d 942, 946 (9th Cir.

2010).   The appellate court stated that the level of detail necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures.  Id. (citing Jones v. Bock, 549 U.S. 199, 218 (2007)).  Where the grievance procedures are silent or incomplete as to factual specificity, as California's procedures are here, a grievance suffices "if it alerts the prison to the nature of the wrong for which redress is sought."  Id. (internal citation omitted).  The inmate in Morton was incarcerated at a California state prison and filed a "first formal level" written grievance against prison officials.  Id. at 946.  The inmate's complaint filed with the district court, however, raised a separate issue from what was described in the written grievance.  Id.   The district court dismissed the complaint for failure to exhaust administrative remedies, and the Ninth Circuit Court of Appeals affirmed, stating that the inmate's grievance was insufficient to put prison officials on notice of his complaint.  Id.

Plaintiff Peralta filed a written grievance, which he appealed to the second and third levels.  (Appeal Forms, attached as Exh. A to Plaintiff's Second Amended Complaint, (Doc. 11).) Plaintiff, in his written grievance and appeals, states that prison officials are denying him equal "yard / dayroom time," "recreation / activity hours," and opportunities "to shower, socialize, or participate in education tutoring."  Id.

Throughout the administrative procedures, Plaintiff never argued that Defendants prevented him from attending religious services. Plaintiff, in a declaration supporting his Second Amended Complaint, states that Defendants "decided" that Plaintiff cannot attend "church" because he does not have a prison job. (Plaintiff's Declaration In Support Of His Second Amended Complaint, (Doc. 11-2).)  He declares that "[n]o 'special list' should be needed for religious services, but these defendants policy requires just that."  Id.

Before pursing a § 1983 claim, the PLRA requires Plaintiff to exhaust administrative remedies through the prison's internal grievance procedure.  Plaintiff's written grievance did not provide the minimum level of detail necessary to put prison officials on notice of his claims relating to the alleged denial of his right to attend religious services.   Morton, 599 F.3d at 946.  Defendants did not receive sufficient notice of Plaintiff's claims.  Plaintiff has not exhausted administrative remedies.

## II.  PLAINTIFF MAY NOT PROCEED IN FORMA PAUPERIS, AS HE VIOLATED THE "THREE STRIKES" RULE OF 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act ("PLRA") prohibits inmates from proceeding *in forma pauperis* under 28 U.S.C. § 1915, if the inmate violates the "three strikes" rule of § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

United States that was dismissed on the grounds that it
is frivolous, malicious, or fails to state a claim upon
which relief may be granted, unless the prisoner is
under imminent danger of serious physical injury.

Defendants request that the Court take judicial notice of
Plaintiff's past civil proceedings, arguing that Plaintiff has
already incurred "three strikes."  In <u>United States ex rel.
Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, the Ninth
Circuit Court of Appeals held that district courts "may take
notice of proceedings in other courts, both within and without
the federal judicial system, if those proceedings have a direct
relation to matters at issue."  971 F.2d 244, 248 (9th Cir.
1992).  Plaintiff's civil proceedings are directly related to
matters at issue here, including whether Plaintiff has violated
the "three strikes" rule.  The Court therefore takes judicial
notice of the following proceedings:

| Case Name | District or Circuit | Case No. |
|---|---|---|
| Peralta v. Woodford | C.D. Cal. | 05-cv-05400 JVS-PLA |
| Peralta v. Woodford | C.D. Cal. | 05-cv-05837 JVS-PLA |
| Peralta v. Echendu | C.D. Cal. | 05-cv-01048 JVS-PLA |
| Peralta v. Dillard | 9th Circuit | 09-055907 |

The Ninth Circuit Court of Appeals provided guidance on what
constitutes a "strike" in <u>O'Neal v. Price</u>.  531 F.3d 1146 (9th
Cir. 2008).  There the appellate court held that § 1915(g) does
not distinguish between dismissals with and without prejudice.

Id. at 1154 (internal citation omitted).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  Id.  The appellate court held that if it is clear from the district court's reasoning that failure to state a claim is a fully sufficient condition for dismissing the complaint, then the complaint counts as a "strike" under § 1915(g).  Id. at 1156.

   1.   **Plaintiff incurred a strike in <u>Peralta v. Woodford</u>, Case No. 05-cv-05400 JVS-PLA.**

   On March 7, 2006, in Peralta v. Woodford, (Case No. 05-cv-05400), the Magistrate Judge filed a "Report And Recommendation" that Plaintiff's case be dismissed for failure to state a claim.  (Report And Recommendation Of United State Magistrate Judge, attached as Exh. A to Defendants' Request For Judicial Notice In Support Of Defendants' Motion To Dismiss ("Request For Judicial Notice"), (Doc. 25-5).)  The Magistrate Judge stated that "[Peralta's] allegations remain insufficient to state a claim upon which relief may be granted.  Because it has become absolutely clear to the Court that plaintiff [Peralta] is unable to cure the deficiencies of his pleadings by amendment, the Court recommends that the [Third Amended Complaint] be dismissed for failure to state a claim."  Id. at p. 3.

   On April 11, 2006, the district court adopted the Report And Recommendation and entered judgment.  (Judgment, attached as Exh. A to Defendants' Request For Judicial Notice, (Doc. 25-5).)

9

The case was dismissed without prejudice to Plaintiff bringing
the action as a habeas petition.  <u>Id.</u>  A dismissal without
prejudice, however, may count as a strike, so long as the
dismissal is made because the action fails to state a claim.
<u>O'Neal</u>, 531 F.3d at 1154.  It is clear from the Magistrate
Judge's reasoning, which the district court adopted, that failure
to state a claim was a fully sufficient condition for dismissing
Plaintiff's complaint.  The dismissal counts as a "strike"
under § 1915(g).

> **2.    Plaintiff incurred a strike in <u>Peralta v. Woodford</u>,
>         Case No. 05-cv-05837 JVS-PLA.**

On December 6, 2005, in <u>Peralta v. Woodford</u>, (Case No.
05-cv-05837), the district court filed an order dismissing
Plaintiff's First Amended Complaint for failure to state a claim.
(Order Dismissing First Amended Complaint With Leave To Amend,
attached as Exh. B to Defendants' Request For Judicial Notice,
(Doc. 25-6).)  The district court stated:  "After careful review
and consideration of the [First Amended Complaint] under the
foregoing standards, the Court finds that it fails to state a
claim upon which relief may be granted.  Accordingly, the
Complaint is dismissed with leave to amend."  <u>Id.</u> at p. 2.
Plaintiff did not file an amended complaint, and the district
court dismissed the action without prejudice for failure to
prosecute.  (Judgment, attached as Exh. B to Defendants' Request
For Judicial Notice, (Doc. 25-6).)  Although the case was

dismissed without prejudice, it is clear from the district court's reasoning that failure to state a claim was a fully sufficient condition for dismissing Plaintiff's complaint.  The dismissal counts as a "strike" under § 1915(g).

### 3.   Plaintiff incurred a strike in Peralta v. Echendu, Case No. 05-cv-01048 JVS-PLA.

On August 17, 2005, in Peralta v. Echendu, (Case No. 05-cv-01048), the Magistrate Judge filed a "Final Report And Recommendation" that Plaintiff's case be dismissed for failure to state a claim and for failure to exhaust administrative remedies. (Final Report And Recommendation Of United State Magistrate Judge, attached as Exh. C to Defendants' Request For Judicial Notice, (Doc. 25-7).)  The Magistrate Judge stated that "accepting plaintiff's allegations of material fact as true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff's allegations are insufficient to state a claim under the Eighth Amendment." Id. at p. 6.  The Magistrate Judge also stated that Plaintiff had not exhausted the applicable administrative remedies. Id. at p. 6 n.2.

On August 22, 2005, the district court adopted the Final Report And Recommendation and entered judgment.  (Judgment, attached as Exh. C to Defendants' Request For Judicial Notice, (Doc. 25-7).)  The case was dismissed without prejudice to Plaintiff filing a new action after exhausting administrative remedies.  Id.  It is clear from the Magistrate Judge's

11

reasoning, which the district court adopted, that failure to state a claim was a fully sufficient condition for dismissing Plaintiff's complaint.  The dismissal counts as a "strike" under § 1915(g).

### 4.   Plaintiff's *in forma pauperis* status must be revoked.

Plaintiff Peralta has filed at least three prior actions that were dismissed because they failed to state a claim.[1]  Under section 1915(g) of the PLRA, Plaintiff may not proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury."   In <u>Andrews v. Cervantes</u>, the Ninth Circuit Court of Appeals held that the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  493 F.3d 1047, 1053 (9th Cir. 2007).  Plaintiff has not alleged in any pleading that he faces "imminent danger of serious physical injury," within the

---

[1] On December 10, 2009, the Ninth Circuit Court of Appeals filed an order in <u>Peralta v. Dillard</u>, (Case No. 09-55907), revoking Plaintiff's *in forma pauperis* status for violating the "three strikes" rule:

> Appellant's in forma pauperis status is revoked for this appeal because appellant has had three or more prior actions or appeals dismissed as frivolous or for failure to state a claim and because appellant has not alleged any imminent danger of serious injury in this appeal. *See* 28 U.S.C. § 1915(g).

The appellate court's order was filed on December 10, 2009, exactly twenty-one months after Plaintiff filed his original Complaint in this action.  The order supports, but is not dispositive of, Defendants' argument that Plaintiff Peralta has incurred "three strikes."

meaning of § 1915(g).

Plaintiff has had three or more prior actions dismissed for failure to state a claim, and he has not alleged any imminent danger of serious physical injury.  The Court therefore revokes his *in forma pauperis* status.  Plaintiff's current action is **DISMISSED**, without prejudice to Plaintiff's refiling a complaint with payment of the proper filing fees and, as discussed above, after exhausting the applicable administrative remedies.

**III. THE COURT DOES NOT REACH DEFENDANTS' REMAINING ARGUMENTS.**

Defendants argue that Plaintiff's Second Amended Complaint fails to state a claim, that they are entitled to qualified immunity, and that Plaintiff has filed false statements with the Court.  The Court dismisses Plaintiff's Second Amended Complaint for failure to exhaust administrative remedies, and for incurring "three strikes" under 28 U.S.C. § 1915(g), and does not find it necessary to reach Defendants' remaining arguments.

**CONCLUSION**

(1)   Plaintiff's *in forma pauperis* status is revoked because he has incurred "three strikes" under 28 U.S.C. § 1915(g), and he has not alleged any imminent danger of serious injury.

(2)   Plaintiff's Second Amended Complaint, filed July 18, 2008, (Doc. 11), is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's refiling his claims after exhausting administrative remedies and with concurrent submission of the proper filing fee; and

13

(3)   The Clerk of Court is **DIRECTED** to enter judgment

      accordingly.


      IT IS SO ORDERED.

      DATED: June 24, 2010, Honolulu, Hawaii.



                                        /S/ Helen Gillmor
                              _____
                              Helen Gillmor
                              United States District Judge

Peralta v. Martel, *et al.*; Civil No. 2:08-00530 HWG; **ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 25).**